**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ROBERT YOUNGS PELGRIFT, JR., | : | CIVIL CASE NO. |
| SUSAN CURTIS PELGRIFT, | : | 3:24-CV-00474 (JCH) |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CITIMORTGAGE, INC., | : | JUNE 6, 2025 |
| STEPHEN KEYES, | : | |
| KRISTEN KEYES, | : | |
| WILLIAM PAGE, | : | |
| LISA PAGE, | : | |
| TOWN OF GREENWICH, | : | |
| PATRICIA SESTO, | : | |
| BETH EVANS, | : | |
| JUAN PAREDES, | : | |
| JODI COUTURE, | : | |
|     Defendants. | : | |

**RULING ON MOTION TO STRIKE (DOC. NO. 76)**

**I.    INTRODUCTION**

The plaintiffs, Robert Youngs Pelgrift, Jr. and Susan Curtis Pelgrift (collectively, "the Pelgrifts"), bring this suit against CitiMortgage, Inc. ("CMI"), Stephen and Kristen Keyes, William and Lisa Page, the Town of Greenwich, Connecticut, and current and former employees of the Town, Patricia Sesto, Beth Evans, Juan Paredes, and Jodi Couture.  See Amended Complaint ("Am. Compl.") (Doc. No. 66).  The Pelgrifts bring claims sounding in federal and state law arising from the unlawful discharge of water, sediment, and contaminants onto the Pelgrifts' property and into protected wetlands and watercourses.  See id.

Before the court is a Motion to Strike CMI's Eleventh Affirmative Defense. Plaintiffs' Motion to Strike (Doc. No. 76); see also Plaintiffs' Memorandum of Law in Support of Motion to Strike ("Pl.s' Mem.") (Doc. No. 76-1).  CMI opposes the Motion.

1

Defendant's Memorandum of Law in Opposition to Motion to Strike ("Def.'s Opp'n") (Doc. No. 83).

For the reasons that follow, the Pelgrifts' Motion is granted.

## II.  STANDARD OF REVIEW

Acting on its own, or on a motion made by a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  An affirmative defense may be stricken if (1) "it does not meet 'the plausibility standard of Twombly'"; (2) "'it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims;'" or (3) "it prejudices the defendant and it is 'presented beyond the normal time limits of the Rules.'"  Haber v. Bankers Standard Ins. Co., No. 19-CV-276 (VLB), 2019 WL 7343397, at *1 (D. Conn. Dec. 31, 2019) (quoting GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 98–99 (2d Cir. 2019)).

Applying the plausibility standard, as articulated in Twombly and Iqbal, is a "context-specific task" in which the fact "that an affirmative defense, rather than a complaint, is at issue . . . is relevant to the degree of rigor appropriate for testing the pleading of an affirmative defense."  GEOMC Co., 918 F.3d at 98.  "In addition, the relevant context will be shaped by the nature of the affirmative defense" and whether the facts needed to buttress it are "readily available."  Id.  Under Twombly and Iqbal, the court does not credit "threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Instead, the pleading "must contain sufficient factual matter," which, "accepted as true," would render a claim facially plausible.  Id. at 678.

2

### III.   DISCUSSION

CMI's Eleventh Affirmative Defense, which is the subject of the Pelgrifts' Motion to Strike, asserts that the Pelgrifts' allegation that CMI's predecessor in interest acted fraudulently is factually baseless, relies on actions of unrelated parties, and violates Federal Rule of Civil Procedure 11.  CMI's Answer to Amended Complaint ("CMI's Answer"), Eleventh Defense (Doc. No. 70).

The Pelgrifts argue the court should strike CMI's Eleventh Affirmative Defense because Rule 11 cannot be asserted as an affirmative defense, invoking Rule 11 at this stage of the litigation is premature and, in any event, the Pelgrifts did not violate Rule 11 and CMI fails to plead facts that plausibly raise the inference the Pelgrifts' assertion of fraudulent concealment is factually baseless.  Pl.'s Mem. at 17–27.  CMI responds that it may invoke Rule 11 as part of its affirmative defense, denies that it is moving for Rule 11 sanctions as part of its reference to the Rule, and argues the Pelgrifts fail to demonstrate there is no set of facts under which the affirmative defense at issue might succeed.  Def.'s Opp'n at 3–13.

The first bucket of arguments made by the Pelgrifts amount to an assertion that CMI's Eleventh Affirmative Defense is legally insufficient because it is improper to invoke Rule 11 as part of an affirmative defense.  See Pl.s' Mem. at 17–18.  In support of this argument, the Pelgrifts observe first, that the affirmative defense at issue is not listed among the defenses that must be raised under Federal Rule of Civil Procedure 8(c); second, that it is inappropriate to assert Rule 11 allegations as part of an affirmative defense as such allegations must be raised through a Rule 11 motion; and third, that it is premature for the court to consider Rule 11 sanctions at this early stage of the litigation.  Id.  CMI responds that Rule 8(c) does not provide an exhaustive list of

possible affirmative defenses and other courts within this Circuit have permitted parties to raise affirmative defenses similar to the one CMI raises here. Def.'s Opp'n at 3–4. CMI argues further that its reference to Rule 11 is not intended as a means to move for Rule 11 sanctions, instead it is an effort to alert the Pelgrifts, and the court, that it intends to argue the Pelgrifts' claims referenced in CMI's Eleventh Affirmative Defense were brought for an improper purpose and are legally frivolous. See id. at 5.

Turning to the Pelgrifts' first argument, as CMI notes, Rule 8(c) does not provide an exhaustive list of affirmative defenses. That Rule 8(c) is not exhaustive can be deduced by the Rule's use of the word "including" preceding the list of eighteen affirmative defenses that must be pled. See Fed. R. Civ. P. 8(c); see also Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1271 (4th ed.) ("The list of eighteen affirmative defenses in Federal Rule of Civil Procedure 8(c) discussed in the preceding section is not intended to be exhaustive."). Accordingly, simply because the affirmative defense at issue is not listed among the affirmative defenses that must be raised under Rule 8(c) does not mean the defense may not be raised.

As for the Pelgrifts' second argument, the court agrees that it is improper to plead a violation of Rule 11 as part of an affirmative defense. While the court is aware of two District Courts within this Circuit that have permitted similar affirmative defenses, Book v. Moulton, No. 3:05-CV-0875 (TJM), 2005 WL 3307361, at *1 (N.D.N.Y. Dec. 6, 2005); Luellen v. Hodge, No. 11-CV-6144 (MWP), 2012 WL 967975, at *2 (W.D.N.Y. Mar. 21, 2012), the court is persuaded by other rulings by courts within this Circuit concluding that it is inappropriate to raise a Rule 11 violation as part of a party's pleadings. See EEOC v. Grace Episcopal Church of Whitestone, Inc., No. 06-CV-5302 (WDW), 2008

WL 11417790, at *2 (E.D.N.Y. Nov. 13, 2008) (striking two affirmative defenses that alleged the plaintiff violated Rule 11); Sosland Pub. Co. v. Mulholland, No. 87-CV-08432 (MBM), 1988 WL 87335, at *1 (S.D.N.Y. Aug. 17, 1988) (explaining that it is improper to invoke Rule 11 as part of a claim or counter-claim).  In reaching this conclusion, the court is mindful that the drafters of the prior and current versions of Rule 11 wished to avoid the creation of time-consuming satellite litigation.  For example, the 1983 advisory committee notes provides that when considering Rule 11 motions "the court must[,] to the extent possible[,] limit the scope of sanction proceedings to the record.  Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances."  Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment.  Similarly, the 1993 amendments to Rule 11 were "motivated by a desire to curb some of the perceived excesses surrounding Rule 11[,]" as a result, "the Rule 11 now in force seeks to reduce the satellite litigation that the prior rule had generated."  Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1331 (4th ed.).  The court is also mindful that a Rule 11 Motion may generally be asserted only after the party asserting it has noticed the opposition, so that the opposition has an opportunity to correct any supposed errors that are the subject of the contemplated Rule 11 Motion. Party.  Fed. R. Civ. P. 11(c)(2).  In light of the history of Rule 11, and the carefully prescribed manner in which Rule 11 may generally be asserted, the court considers it inappropriate to invoke the Rule in an Answer to a Complaint.

     While Rule 8(c) generally permits the assertion of a variety of affirmative defenses, in this court's view, it is improper to plead a violation of Rule 11 via an affirmative defense.  To conclude otherwise risks the creation of time-consuming

satellite litigation surrounding discovery disputes about possible Rule 11 violations, an outcome the Committee sought to avoid in drafting the 1983 and 1993 versions of the Rule.  Accordingly, the court grants the Pelgrifts' Motion to strike CMI's Eleventh Affirmative Defense.

### IV.     CONCLUSION

For the reasons stated above, the court grants the plaintiffs' Motion to Strike (Doc. No. 76).  The defendant is granted leave to file an Amended Answer consistent with this Ruling.  The Amended Answer must be filed no later than fourteen (14) days from the date this Ruling is entered on the docket.


**SO ORDERED.**

Dated at New Haven, Connecticut this 6th day of June 2025.


    /s/ Janet C. Hall
Janet C. Hall
United States District Judge