**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ROBERT YOUNGS PELGRIFT, JR., | : | |
| SUSAN CURTIS PELGRIFT | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITIMORTGAGE, INC., | : | CIVIL CASE NO |
| STEPHEN KEYES, | : | 3:24-CV-00474 (JCH) |
| KRISTEN KEYES, | : | |
| WILLIAM PAGE, | : | |
| LISA PAGE, | : | |
| TOWN OF GREENWICH, | : | APRIL 21, 2026 |
| PATRICIA SESTO, | : | |
| BETH EVANS, | : | |
| JUAN PAREDES, | : | |
| JODI COUTURE, | : | |
| Defendant. | : | |

**RULING ON DEFENDANTS' JOINT MOTION FOR JUDGMENT ORDER (DOC. NO. 188)[1]**

## I.      INTRODUCTION

Pursuant to Rule 58(a), the defendants, Town of Greenwich, Beth Evans, Patricia Sesto, Juan Paredes and Jodi Couture (collectively the "Town Defendants"), CitiMortgage, Inc. ("CMI"), Stephen and Kristen Keyes ("the Keyes Defendants"), and William and Lisa Page ("the Page Defendants"), have filed a Motion seeking an order of the court to enter judgment reflecting that: (1) the settlement reached between the parties during a judicial settlement conference before Magistrate Judge Vatti and canvassed on the record on August 6, 2025, is a binding, enforceable settlement agreement between the parties; (2) the unsigned Settlement Agreement attached as Exhibit A to their Motion, reflects and memorializes the settlement

---

[1] This Ruling is amended solely to correct a typographical error appearing in the date of signing by the court.  The content of this Ruling remains unaltered in all other respects.

agreement between the parties canvassed on the record on August 6, 2025, and reflects a binding, enforceable settlement agreement between the parties, which agreement called for dismissal of all claims, a release of any and all claims that were brought or could have been brought in this action; and (3) a failure to comply with the settlement agreement is enforceable by a post-judgment motion for contempt.  ("Mot. Judgment Order") (Doc. No. 188).

Plaintiffs Robert Youngs Pelgrift, Jr. and Susan Curtis Pelgrift ("Pelgrifts") opposed the defendants' Motion and objected to the jurisdiction of the District Court of Connecticut to grant defendants' Motion.  ("Pelgrifts' Opp'n") (Doc. No. 189).  The defendants submitted a Reply in support of their Motion.  ("Reply") (Doc. No. 190).

## II.    BACKGROUND

The court is intimately familiar with the background of the case.  It will address in this Ruling only the matters occurring around and following the settlement agreement placed on the record on August 6, 2025.  On August 6, 2025, after multiple settlement conferences, the parties appeared before Magistrate Judge Vatti and reached a full and final settlement of all claims brought or that could have been brought in this action.  See Joint Mot. Enforce at 2.  Magistrate Judge Vatti then read the terms of the parties' agreement into the record.  Id.  Magistrate Judge Vatti explicitly inquired of the Pelgrifts, individually: (1) whether they each understood the terms of the settlement he had just read into the record; (2) whether they each had been provided sufficient time to consider the terms of the settlement agreement; (3) whether they each understood that acceptance of the terms of the settlement agreement would be final, and that they could not come back and change their mind at some later time; and (4) with that understanding, whether they each accepted the terms of the settlement.  Id., citing

Transcript ("Tr. 2") (Aug. 6) at 13:16-14:23 (Doc. No. 173).[2]  The Pelgrifts separately said yes to each of those inquiries.  Id.  Magistrate Judge Vatti read the terms of the Agreement into the record and canvassed the parties to confirm they understood and voluntarily agreed to those terms, and they could not later change their mind.  Id.  The court ordered the Clerk to close the file administratively without prejudice to the Town of Greenwich to reopen on or before October 6, 2025. (Doc. 163).[3]  A written settlement agreement (Settlement Agreement"), the terms of which reflected the terms agreed to and canvased on August 6, 2025, was prepared and provided to the plaintiffs on August 18, 2025.

On September 5, 2025, Magistrate Judge Vatti held a telephonic status conference in which he reported to the defendants that the plaintiffs had advised him on September 2, 2025, that they no longer wished to proceed with the settlement.  See Memorandum of Status Conference (Doc. No. 169).  On September 23, 2025, the defendants filed their Joint Motion to Reopen Action for Limited Purpose of Enforcing Settlement Agreement. (Doc. No. 172).  On October 6, plaintiffs filed their Objection to defendants' motion (Doc. No. 175) and their own Motion to Reopen Case and Restore it to Docket, with a supporting Memorandum of Law. (Doc. Nos. 176 and 176-1).  On December 22, 2025, the court ruled on Defendants' Joint Motion to Reopen and Plaintiff's Motion to Reopen/Restore Case to the Docket (Doc. No. 184), in which the

---

[2] There were two sessions on the record, with all parties, on August 6, 2025.  In the first session, the court reviewed the terms with the Pelgrifts, who each acknowledged an understanding and acceptance of the terms of the settlement.  See Transcript 1 ("Tr.1") (Aug. 6, 2025) at 5:11−6:20.  In the second session, the court clarified details of the settlement, provided an opportunity for objections, and then reviewed again the settlement terms with the Pelgrifts, who again each acknowledged an understanding and acceptance of the terms.  See Transcript 2 ("Tr.2") (Aug. 6, 2025) at 13:4−14:25.

[3] See, infra, Part III. B-C.

court granted the defendants' Motion to Reopen the case and enforce the Settlement Agreement and denied plaintiff's Motion.

## III.     LEGAL STANDARD AND DISCUSSION

### A.     This Court Has Authority to Act Under the Toliver Procedure

The Pelgrifts contend that the final judgment rule deprives this court of jurisdiction to act on the pending motion while their appeal is pending before the Second Circuit.  See Pelgrifts' Opp'n at 2-3.  They argue that the court's only available options are to deny the Motion or decline to address it on jurisdictional grounds.  Id. at 4-5. Their argument is incorrect.

The Second Circuit has expressly recognized a third procedural path applicable to this circumstance.  Where a district court is inclined to grant a motion but is constrained from doing so by reason of a pending appeal, the court may indicate its intention to grant the motion, upon which the movant may then apply to the Court of Appeals for a limited remand to permit the district court to so act.  See Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992); accord Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C., 965 F.3d 404, 415 (5th Cir. 2020) (recognizing this procedure as having been established for nearly seven decades).  This court proceeds under the well-established framework outlined in Toliver.

### B.     The Court's Local Rule 41(b) Administrative Closeout Order Did Not Authorize the Pelgrifts to Repudiate Their Settlement

The Pelgrifts argue that the court's Local Rule 41(b) Order providing a 60-day period to reopen this matter (Doc. 163) constituted notice to them that they were free to withdraw from the settlement within that period.  Their argument is contradicted by the clear record.

First, the argument is incompatible with the Pelgrifts' own sworn statements made on the record on August 6, 2025. Magistrate Judge Vatti expressly informed the Pelgrifts that this agreement was final, and they could not return to court at a later time to reconsider. See Transcript ("Tr. 2") (Aug. 6) at 13:16-14:23 (Doc. No. 173); see also Transcript 1 ("Tr.1") (Aug. 6, 2025) at 5:11−6:20. Both plaintiffs individually stated that they understood and accepted that condition. Id.

Second, neither plaintiff requested additional time to consider the terms of the settlement on the record at the August 6 conference. Id.

Third, the record makes clear that the 60-day period served a specific and limited purpose: to allow the Town of Greenwich ("Town") time to complete its mandatory municipal approval process before formally memorializing its participation in the settlement. See Tr. 1 at 9:5-15. Magistrate Judge Vatti expressly noted that the Town's financial contribution was contingent upon municipal approval.[4] Id. The Town's outside counsel disclosed during the conference that multiple boards and a representative town meeting would be required to formally approve the settlement, and counsel confirmed that both outside counsel and the Corporation Counsel would recommend approval. See Tr. 2 at 16:10–17:1. Magistrate Judge Vatti, after consulting with the Town's counsel on the record regarding the time reasonably needed for that process, recommended the 60-day period and anticipated the court would issue its standard administrative closeout order. Id. at 17:2–13.[5]

---

[4] See Town of Greenwich Charter § 30(c) (requiring board recommendation and Representative Town Meeting approval for unappropriated expenditures exceeding $5,000).

[5] The agreement is binding on all parties, with one contingency depending only on the Town of Greenwich, as a public government cooperative, obtaining final approval by its Board Members. Failure to obtain approval by the Town would allow it to withdraw, thus preventing the settlement; if approved, the agreement continued as final and binding.

The 60-day window was intended solely to accommodate the Town's governmental approval process, not to provide all parties with a period for reconsideration or an opportunity to repudiate a settlement that had already been agreed to on the record.

C.    <u>The Pelgrifts' Request to "Unlock" the Settlement Conference Transcript Is Denied</u>

The Pelgrifts request that this court unseal the transcript of the August 6, 2025, settlement conference on the grounds that the public should be able to access all specific terms of the agreement.  <u>See</u> Pelgrifts' Opp'n at 8.  The court denies their request.

At the conclusion of the August 6 settlement conference, Magistrate Judge Vatti stated on the record that the written settlement agreement would include a confidentiality provision precluding the Pelgrifts from disclosing the terms to any third parties.  <u>See</u> Tr. 2 at 6:16–25.  The Pelgrifts agreed to all of the terms, including that provision.  <u>Id</u>. at 13:16–14:23.  The transcript was placed under seal by Order of Magistrate Judge Vatti to preserve the confidentiality of the settlement process, a restriction to which the Pelgrifts themselves expressly agreed.  <u>Id</u>.  It is well established that parties to a settlement may agree to keep its terms confidential.  <u>See</u> <u>Gambale v. Deutsche Bank AG</u>, 377 F.3d 133, 143 (2d Cir. 2004).

The court notes that the Pelgrifts' concern about completing the record on appeal is misplaced.  The transcript already exists as an official court record.  <u>See</u> <u>generally</u> Transcript of Proceeding: Hearing Settlement Agreement Canvas (Doc. Nos. 171, 173).  This court, the Second Circuit, and all parties have access to the transcript.  Only public access has been restricted.

The Pelgrifts' suggestion that the settlement amount is "of central importance" to their pending appeal, and must therefore be made public, is premised on the legally incorrect assumption that they retain the right to challenge the adequacy of a settlement to which they freely and knowingly agreed on the record before the court, following express admonitions that such agreement was final and binding.  Putting that aside, the amount will be known to the Court hearing the appeal and the parties participating in it.

## IV.    MOTION FOR PLAINTIFFS TO FILE A SUR-REPLY

The Pelgrifts filed a Motion to Permit the plaintiffs to File a Sur-Reply. (Doc. No. 191).  Their Motion and Memoranda in support repeats arguments already argued and considered by this court.  Local Civil Rule 7(d) provides: "No sur-replies may be filed without permission of this Court, which may, in its discretion, grant permission upon a showing of good cause."  If a court has not ordered further briefing, "[s]ur-replies are appropriate only in the exceptional though rare case" where "a party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court."  See Sec. & Exch. Comm'n v. Xia, No. 21-CV-5350 (PKC) (RER), 2022 WL 2784871, at *1 (E.D.N.Y. July 15, 2022) (internal quotation marks and citation omitted).  The Second Circuit recognizes the district court's power to strike an unauthorized sur-reply.  See Laguerre v. Nat'l Grid USA, No. 20-3901-cv, 2022 WL 728819, at *5 n. 7 (2d Cir. Mar. 11, 2022) (summary order).

In their Sur-Reply filed with their Motion to File a Sur-Reply the Pelgrifts advance the same general arguments already presented in their opposition memorandum, including but not limited to, (1) the lack of jurisdiction of the district court, (2) the plaintiffs' belief they could withdraw within 60 days from the settlement, and (3) the un-

redacting details of the settlement.  These arguments do not satisfy a showing of good cause: these arguments were already addressed in the plaintiffs' Opposition.  The Motion to file a sur-reply is denied.

## V.    CONCLUSION

For the reasons stated, the defendants' Joint Motion for Judgment Order (Doc. No. 188) is terminated with the right to reclaim if the Court of Appeals remands the case for the limited purpose of issuing an advisory opinion.[6]  The plaintiffs' Motion to Permit the Plaintiffs to File a Sur-Reply. (Doc. No. 191) is denied.

## SO ORDERED.

Dated at New Haven, Connecticut this 21st day of April 2026.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[6] In December 2025, the defendants' filed a Joint Motion to Reopen Action for Limited Purpose of Enforcing Settlement Agreement.  (Doc. No. 172).  The court entered a Ruling opening the case and enforcing the Settlement Agreement.  (Doc. No. 184).  The case was reopened for the limited purpose on 22 December 2025, and the case was terminated December 29, 2025.  (Doc. No. 185).  The Pelgrifts appealed.  (Doc. No. 186).  On February 3, the instant Motion was filed.  (Doc. No. 188).  The court assumes the current Motion was filed to clarify that the terms of the Settlement Agreement would be enforced by the court.  Because of the pendency of the appeal to the Circuit, this court can only give an advisory opinion if the case is remanded.

This Ruling is not that Advisory Opinion.  If remanded, the court will issue such an opinion, including addressing whether the unsigned Settlement Agreement reflects the settlement agreed to on the record.